IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILFREDO JOSSETTE VAZQUEZ RIVERA,<br><br>Defendant. | **INDICTMENT**<br><br>Criminal No. 25-423 (CVR)<br><br>VIOLATIONS:<br><br>Count One: 18 U.S.C. §§ 1343 and 1349 (Wire Fraud Conspiracy)<br><br>Count Two: 18 U.S.C. § 1956(h) (Money Laundering Conspiracy)<br><br>**FORFEITURE NOTICE** |

THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

*The United States Small Business Administration and the CARES Act*

1.  The U.S. Small Business Administration (SBA), part of the executive branch, aimed to support the economy by promoting small business viability and aiding disaster recovery. It facilitated government-backed loans through private lenders.

2.  The Coronavirus Aid, Relief, and Economic Security (CARES) Act, enacted in March 2020, provided emergency financial aid in response to COVID-19. It authorized the SBA to issue loans to small businesses and nonprofits facing revenue loss.

INDICTMENT
United States v. Wilfredo Jossette Vazquez Rivera
Page 2

*The Paycheck Protection Program*

3. The CARES Act authorized forgivable taxpayer-funded loans to small businesses for job retention and specific expenses through the Paycheck Protection Program (PPP).

4. To obtain a PPP loan, a qualifying business submitted an application signed by an authorized representative, certifying compliance with program rules and providing data such as average monthly payroll and employee count, which determined loan eligibility. Supporting payroll documentation was required.

5. Participating financial institutions processed applications and, upon approval, funded the loans using their own capital, fully guaranteed by the SBA. Lenders transmitted borrower and loan data to the SBA.

6. PPP funds could only be used for approved expenses like payroll, mortgage interest, rent, and utilities. Loans were fully forgivable if used within a set period, with a required portion allocated to payroll.

*Relevant Financial Institution*

7. Bank 1 was a financial institution based in San Juan, Puerto Rico, and an approved SBA lender of PPP loans.

## COUNT ONE
### Conspiracy to Commit Wire Fraud
### 18 U.S.C. § 1343 and 1349

8. The factual allegations of paragraphs 1 through 7 of this Information are re-alleged and incorporated by reference as if fully set forth herein.

INDICTMENT
United States v. Wilfredo Jossette Vazquez Rivera
Page 3

### The Conspiracy

9. Beginning in approximately April 2020 and lasting until at approximately January 2022, the exact dates being unknown, in the District of Puerto Rico, and elsewhere, defendant WILFREDO JOSSETTE VAZQUEZ RIVERA and others did knowingly and intentionally combine, conspire, confederate and agree to devise a scheme and artifice to defraud and to obtain money and property from the United States Small Business Administration and Bank 1, by means of false and fraudulent pretenses, representations and promises; and for the purpose of executing the scheme and artifice, transmitted and caused to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

### Objects of the Conspiracy

10. The objects of the conspiracy were for the co-conspirators to unjustly enrich themselves by obtaining loan proceeds under materially false pretenses and to prevent detection of the conspiracy.

### Manner and Means of the Conspiracy

11. The manner and means by which Defendant and his co-conspirators would accomplish and further the objects of the conspiracy, among others, included the following:

12. It was part of the manner and means of the conspiracy that Defendant and his co-conspirators would submit and cause to be submitted fraudulent PPP loan applications that contained materially false and fraudulent information and supporting documentation, at times including false and fictitious tax documents, payroll records, bank records, and identification documents.

13. It was part of the manner and means of the conspiracy that others were recruited to obtain PPP loans utilizing false representations and under false pretenses.

14. It was part of the manner and means of the conspiracy that the personal identifying information of others was obtained for use in applying for PPP loans.

15. It was part of the manner and means of the conspiracy that Defendant and his co-conspirators would make, and cause to be made, false statements to the SBA and Bank 1 in connection with the fraudulent applications for PPP loans, including false representations regarding 2019 income, the number of employees to whom wages had been paid, and false certifications that the loans would be used for permissible purposes.

16. It was part of the manner and means of the conspiracy that Defendant and his co-conspirators would utilize the fraudulently obtained PPP loan proceeds to engage in financial transactions designed to create the appearance of being bona fide business expenditures, including payroll expenses, in order to disguise the true nature of the financial transactions.

17. It was part of the manner and means of the conspiracy that recipients of the fraudulently obtained PPP loans were directed to remit a certain amount of the proceeds of the loans to leaders and organizers of the conspiracy.

18. It was part of the manner and means of the conspiracy that the remittances were collected in the form of cash and checks and delivered to leaders and organizers of the conspiracy.

19. It was part of the manner and means of the conspiracy that Defendant and his co-conspirators utilized fraudulently obtained PPP loan proceeds to benefit themselves and others, including for expenses prohibited under the requirements of the PPP programs.

20. All in violation of 18 U.S.C. §§ 1343 and 1349.

## COUNT TWO
### Conspiracy to Commit Money Laundering
### 18 U.S.C. § 1956(h)

21. The factual allegations of paragraphs 1 through 7 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

*The Objects of the Conspiracy*

22. Beginning in approximately April 2020 and lasting until at approximately January 2022, the exact dates being unknown, in Puerto Rico, elsewhere, and within the jurisdiction of this Court, defendant WILFREDO JOSSETTE VAZQUEZ RIVERA knowingly conspired with others known and unknown to the Grand Jury, to commit offenses against the United States in violation of 18 U.S.C. § 1956, to wit:

a. to knowingly conduct and attempt to conduct financial transactions involving the proceeds of specified unlawful activity, that is, wire fraud, knowing the transactions were designed in whole and in part to conceal the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

b. to knowingly conduct and attempt to conduct financial transactions involving the proceeds of specified unlawful activity, that is, wire fraud, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity with the intent to promote the carrying on of specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

*Manner and Means of the Conspiracy*

23. The manner and means by which defendant and his co-conspirators would accomplish and further the objects of the conspiracy, among others, included the following:

24. It was part of the manner and means of the conspiracy that defendant and his co-conspirators submitted and caused the submission of fraudulent loan applications, which caused the SBA and Bank 1, a federally insured financial institution, to wire loan proceeds to bank accounts in the names of individuals and entities used to obtain such loans.

INDICTMENT
United States v. Wilfredo Jossette Vazquez Rivera
Page 7

25. It was part of the manner and means of the conspiracy that defendant and his co-conspirators transferred, and caused the transfer of the loan proceeds, in the form of kickback payments paid in cash and other manners. The kickback payments were disguised by defendant and his co-conspirators, on many occasions, to appear as payroll expenses for legitimate services.

26. It was part of the manner and means of the conspiracy that defendant and his co-conspirators spent the PPP fraud proceeds for their own personal benefit and for the benefit of their co-conspirators, including for expenses prohibited under the requirements of the PPP loan program.

27. All in violation of 18 U.S.C. § 1956(h).

## FORFEITURE NOTICE

### Wire Fraud

28. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), in the event of Defendant's conviction of the offense set forth in Count One of this Indictment.

29. Defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes the following specific property:

INDICTMENT
United States v. Wilfredo Jossette Vazquez Rivera
Page 8

- Oriental Bank Manager's Check ending in 7662 for the amount of $762.10

*Money Laundering*

30. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to 18 U.S.C. § 982(a)(1), in the event of Defendant's conviction of the offense set forth in Count Two of this Indictment.

31. Any defendant so convicted shall forfeit to the United States of America all property, real or personal, involved in such offenses, and all property traceable to such property. The property to be forfeited includes, but is not limited to, a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

32. Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and Title 28 U.S.C. § 2461(c), Defendant shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond

INDICTMENT
United States v. Wilfredo Jossette Vazquez Rivera
Page 9

the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

**A TRUE BILL**

_____     9-X-2025
FOREPERSON                DATE

W. STEPHEN MULDROW
United States Attorney

*[signature]*
Myriam Y. Fernández-González
Assistant United States Attorney
Chief, Asset Recovery, Money Laundering & Transnational Organized Crime Unit

*[signature]*
María L. Montañez-Concepción
Assistant United States Attorney
Deputy Chief, Asset Recovery, Money Laundering & Transnational Organized Crime Unit

*[signature]*
Daniel J. Olinghouse
Assistant United States Attorney